# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARITZ HOLDINGS INC. | Case No.: _____ |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** |
| v. | |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICIES NUMBERED B122FI0115115 AND FI0115116 | **(From the Circuit Court of St. Louis County, State of Missouri, Case No. 18SL-CC01510)** |
| and | **JURY TRIAL DEMANDED** |
| ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | |
| Defendants. | |

**PLEASE TAKE NOTICE** that Defendants Arthur J. Gallagher Risk Management Services, Inc. ("Gallagher") and Certain Underwriters at Lloyd's London Subscribing to Policies Numbered B122FI0115115 and FI0115116[1] ("Underwriters" and, collectively with Gallagher, "Defendants"), hereby remove this action from the Circuit Court of St. Louis County, Missouri (Case No. 18SL-CC01510), to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) based on complete diversity of citizenship under 28 U.S.C § 1332(a)(3), and submit this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) in support thereof (the "Notice"):

---

[1] Plaintiff erroneously identified the policy numbers as "B122FI0115115" and "FI0115116." The correct policy numbers are "B1262FI0115115" and "B1262FI0115116."

## INTRODUCTION

1. Plaintiff Maritz Holdings, Inc. ("Plaintiff" or "Maritz"), a Missouri corporation with its principal place of business located in Missouri, seeks "in excess of $100,000, plus consequential damages" from Defendant Gallagher, an Illinois corporation with its principal place of business in Illinois, based on claims arising out of Gallagher's alleged procurement of cyber-risk insurance for Maritz. (*See* Pet. at Counts III-V). In addition, Maritz asserts two claims against Underwriters, comprised of various foreign individuals and corporations domiciled or incorporated in the United Kingdom, Thailand, and New Zealand, under the two policies allegedly containing cyber-risk insurance, for more than $7.3 million, which amount is composed of more than $5.4 million in compensatory damages, nearly $547,000 in statutory penalties, and attorneys' fees estimated to be, for purposes of removal only, approximately $1.4 million. (*See id.* at Counts I-II).

2. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(3) because the amount in controversy well exceeds the $75,000 jurisdictional threshold, and because the action is one between a Missouri citizen (Maritz) and an Illinois citizen (Gallagher) in which citizens of foreign states, namely, citizens of the United Kingdom, Thailand, and New Zealand, (Underwriters) are additional parties.

## BACKGROUND

3. On or about April 12, 2018, Plaintiff Maritz filed a five-count Petition in the Circuit Court of St. Louis County, Missouri against Gallagher and Underwriters, an insurance broker and insurer, collectively, alleging that Underwriters wrongfully refused to provide cyber risk insurance coverage under two cyber risk insurance policies that Maritz purchased from Underwriters, following alleged attacks on Maritz's computer systems. The 2015 Policy is policy number B1262FI0115115 and the 2016 Policy is policy number B1262FI0115116. Maritz asserts

claims against Underwriters for breach of contract and vexatious refusal to pay under Missouri Revised Statutes Section 375.420, and asserts claims against Gallagher for negligence, breach of fiduciary duty, and breach of contract arising from Gallagher's alleged procurement of cyber risk insurance policies from Underwriters on behalf of Maritz.

4. Pursuant to E.D.Mo. L.R. 81-2.03, a copy of the complete file from state court is attached to this Notice of Removal, which includes a copy of Plaintiff's Petition. (*See* Exhibit A).

5. A Summons for Gallagher, along with a copy of the Petition, was served on Gallagher no earlier than May 1, 2018. *Id.*

6. A Summons for Underwriters, along with a copy of the Petition, was served on Underwriters no earlier than May 3, 2018. (*See* Declaration of Robert C. Santoro, attached hereto as Exhibit B ("Santoro Decl."), ¶ 11; *see also* Exhibit A).

7. The Petition and Summonses (all attached within Exhibit A) constitute all process, pleadings, orders, and other documents which, as of the date this Notice of Removal is filed, were filed in the state-court proceeding. *See* 28 U.S.C. § 1446(a); E.D.Mo. L.R. 2.03. To Defendants' knowledge, no hearings or other proceedings have taken place in this action.

8. Defendants now timely remove this case within thirty (30) days of receipt of a copy of the Summons and Petition by Defendants through service or otherwise, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity of citizenship.

9. Venue is proper in this Court because Plaintiff originally filed this action in the Missouri Circuit Court for St. Louis County, and the United States District Court for the Eastern District of Missouri, Eastern Division is the "district court of the United States for the district and division within which [the state-court action] is pending." *See* 28 U.S.C. § 1446(a); E.D.Mo. L.R. 2.07(A)(1).

10. All Defendants join this Notice of Removal, pursuant to 28 U.S.C. § 1446(b)(2)(A).

11. In filing this Notice of Removal, Defendants do not waive any defects in the process or service of process in this matter, nor do they waive any other defenses. Nothing in this Notice of Removal constitutes an admission of any allegation in the Petition or a waiver of any defense, argument, or principle of equity available to Defendants.

12. In accordance with 28 U.S.C. § 1446(d) and E.D.Mo. L.R. 81-2.03, Defendants will, promptly after filing this Notice of Removal, give written notice of the removal to the adverse party, file a copy of this Notice of Removal with the Circuit Court of St. Louis County, Missouri, and file proof of same with this Court.

## TOTAL DIVERSITY OF CITIZENSHIP

13. Plaintiff Maritz is a corporation organized under the laws of Missouri, with its principal place of business located in St. Louis County, Missouri. (Pet. ¶ 1).

14. Defendant Gallagher is a corporation organized under the laws of Illinois, with its principal place of business located in Rolling Meadows, Illinois. (Pet. ¶ 8).

15. The 2015 Policy is subscribed to in the following shares: 50% Brit Syndicate 2987 and 50% Barbican Technology E&O Consortium 9380. (Santoro Decl. ¶ 3).

16. For the 2015 Policy, the Barbican Technology E&O Consortium 9380 is comprised of the following members: Syndicate BAR 1955 (43.333%), Novae Syndicate NVA 2007 (36.667%), and AmTrust Syndicate ANV 1861 (20.000%). (Santoro Decl. ¶ 4).

17. The syndicates subscribing to the 2015 Policy are comprised of individuals who are domiciled in, and corporations that are incorporated and have their principal place of business in, the United Kingdom. None is domiciled, incorporated, or has its principal place of business, in the United States. (Santoro Decl. ¶¶ 5, 10).

4

18. The 2016 Policy is subscribed to in the following shares: 20% Brit Syndicate 2987, 30% Barbican Technology Consortium 9380, and 50% PEN Underwriting Limited. (Santoro Decl. ¶ 6).

19. For the 2016 Policy, the Barbican Technology Consortium 9380 is comprised of the following members: Syndicate BAR 1955 (43.333%), Novae Syndicate NVA 2007 (36.667%), AmTrust Syndicate ANV 5820 (10.000%), and AmTrust Syndicate ANV 1861 (10.000%). (Santoro Decl. ¶ 7).

20. For the 2016 Policy, PEN Underwriting Limited is comprised of the following members: Novae Syndicate NVA 2007 (80.000%) and AmTrust Syndicate ANV 1861 (20.000%). (Santoro Decl. ¶ 8).

21. The syndicates that subscribe to the 2016 Policy are comprised of individuals who are domiciled in, and corporations that are incorporated and have their principal place of business in, the United Kingdom, Thailand, or New Zealand. None is domiciled, incorporated, or has its principal place of business, in the United States. (Santoro Decl. ¶¶ 9-10).

22. Accordingly, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(a)(3), which provides that diversity of citizenship exists in civil actions between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."

## AMOUNT IN CONTROVERSY

23. A removing party need only show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

24. Generally, the amount in controversy is to be determined from the complaint. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *City of Univ. City, Missouri v. AT&T*

5

*Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 934 (E.D. Mo. 2002) ("The amount in controversy is determined by an examination of the relief requested in the complaint.").

25. However, "[t]he amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant." *Rodgers v. Wolfe*, No. 05-cv-01600-ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006) (finding amount in controversy requirement was met despite plaintiff's representations that she sought less than $75,000 because jury verdicts in analogous wrongful death cases frequently exceeded $75,000) (quoting *City of University City, Missouri v. AT&T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 933 (E.D. Mo. 2002)).

26. Attorneys' fees and costs should also be considered when calculating the amount in controversy, as the vexatious refusal statute cited in Count II of the Petition provides that a prevailing party may be awarded reasonable attorneys' fees. *See* Mo. Ann. Stat. § 375.420; *Peng Vang v. Mid-Century Ins. Co.*, No. 12-cv-01309-DGK, 2013 WL 626985, at *2 (W.D. Mo. Feb. 20, 2013) (considering attorneys' fees in determining the amount in controversy in claim under Section 375.420 because, although such fees are not generally includable, "an exception is made when a statute authorizes the granting of same") (quoting *Babcock v. Wilcox Co. v. Parsons Corp.*, 430 F.2d 531, 539 n.8 (8th Cir. 1970)). For purposes of removal, it is reasonable for a court in a vexatious refusal claim to estimate that attorneys' fees will be based on a 25 percent contingency fee. *Peng Vang*, 2013 WL 626985 at *2; *Osia v. Mid-Century Ins. Co.*, No. 06-cv-658-CAS, 2006 WL 1523020, at *1 (E.D. Mo. May 30, 2006).

27. When determining diversity jurisdiction in an action against an insurer made up of syndicates, courts have considered the underwriters to be the "real party to the controversy." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994) (holding that the underwriters were the "real parties in interest" for diversity

6

jurisdiction purposes because they "are liable on the contract" – they "actually wrote the insurance, processed the claim, and are authorized to sue on the policy"). This applies equally to the calculation of the amount in controversy. *See, e.g.*, *Aetna Cas. & Sur. Co. v. Dow Chemical Co.*, 44 F. Supp. 2d 870, 880 (E.D. Mich. 1999) (holding that the amount in controversy requirement was met because "it is only logical under the rule of *Layne* where the court looks only to the citizenship of the lead underwriter as a representative of the syndicates, the court should look to the value of the policies to determine the amount in controversy").

28. In any event, "the language used by Congress and the policy considerations behind diversity jurisdiction suggest that the alien parties do not have to meet the jurisdictional amount if the claims against them are joined to a controversy between citizens of different states that does." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, No. 82-cv-7327-JSM, 1999 WL 350857, at *9 (S.D.N.Y. 1999) (noting that "[n]othing in the language of [28 U.S.C. § 1332(a)(3)] suggests that the 'additional parties' must independently meet the jurisdictional amount"); 28 U.S.C. § 1332(a)(3) (original jurisdiction exists over an action between "citizens of different States" and "in which citizens or subjects of a foreign state are additional parties"). Thus, because the claims of Maritz, a Missouri corporation, against Gallagher, an Illinois corporation, easily meet the amount in controversy, the Court need not assess the amount-in-controversy requirement with respect to Underwriters, the foreign Defendants. Nevertheless, the amounts sought in all of Plaintiff's claims are set forth below.

29. In Count I, Plaintiff asserts that Underwriters were required to pay Maritz $207,859.26 with respect to Maritz's 2016 out-of-pocket losses and $5,255,994 with respect to Maritz's 2017 out-of-pocket losses, constituting total asserted damages of $5,463,853.26. (Pet. ¶¶ 94, 98, and *ad damnum* clause).

30. In Count II, Plaintiff seeks statutory penalties pursuant to Section 375.420, constituting additional damages of 20 percent of the first $1,500 of loss and 10 percent of the amount of loss in excess of $1,500. (Pet. ¶ 107 and *ad damnum* clause). Based on the losses claimed in Count I, Plaintiff seeks statutory penalties in the amount of $546,535.33.

31. Plaintiff also seeks attorneys' fees pursuant to Section 375.420. Given the assumption of a 25 percent contingency fee, *see Peng Vang*, 2013 WL 626985 at *2, attorneys' fees would be, for purposes of removal, approximately $1,365,963.32.

32. In Counts III, IV, and V, Plaintiff seeks damages against Gallagher "in an amount in excess of $100,000, plus consequential damages." (Pet. Counts III, IV, V, *ad damnum* clauses).

33. Accordingly, the damages sought by Plaintiff are well in excess of the $75,000 required for diversity jurisdiction.

## CONCLUSION

34. As explained above, complete diversity exists between the parties. In light of Plaintiff's allegations, the amount in controversy requirement is also met, and this action is removable to this Court.

Dated: May 31, 2018

8

Respectfully submitted,

| | |
|---|---|
| /s/ Winthrop B. Reed, III (with consent) | /s/ Alan K. Goldstein |
| Winthrop B. Reed, III, #42840MO | Alan K. Goldstein #36214MO |
| Edward T. Pivin, #64086MO | Giles B. Howard #67215MO |
| **Lewis Rice LLC** | **Goldstein and Price, L.C.** |
| 600 Washington Avenue, Suite 2500 | One Memorial Drive, Suite 1000 |
| St. Louis, Missouri  63101 | St. Louis, Missouri  63102 |
| T: (314) 444-7617 | T: (314) 516-1735 |
| F: (314) 612-7617 | F: (314) 421-2832 |
| wreed@lewisrice.com | alan@gp-law.com |
| epivin@lewisrice.com | giles@gp-law.com |
| | |
| *Attorneys for Defendant Arthur J. Gallagher Risk Management Services, Inc.* | *Attorneys for Defendant Underwriters* |

```
```

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of May, 2018 a true and correct copy of the foregoing was served by depositing same with the United States Postal Service, first class, postage prepaid upon the following addressed as follows:

Matthew S. Darrough
Brandi L. Burke
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101

*Attorneys for Plaintiff*

/s/ Giles B. Howard

EAST\154883731v.3